UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HEATHER LAVAUGHAN HYDER, ) | |
|     *Plaintiff*, ) | |
| ) | Case No: 1:22-cv-00102 |
| v. ) | |
| ) | Judge Christopher H. Steger |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
|     *Defendant*. ) | |

## MEMORANDUM OPINION

**I.**     **Introduction**

Plaintiff Heather Lavaughan Hyder seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner") under Title XVI of the Act, 42 U.S.C. §§ 1381-83f. *See* [Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 11].

For the reasons that follow, Plaintiff's Motion for Judgment Based on the Administrative Record [Doc. 8] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 12] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

**II.**     **Procedural History**

On July 31, 2018, Plaintiff applied for supplemental security income, alleging disability as of July 31, 2018. (Tr. 28). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

Due to COVID-19, a telephonic hearing was held on May 29, 2020, that included Plaintiff's attorney. *Id*. Administrative Law Judge Kristie Luffman-Minor ("ALJ") heard testimony from Plaintiff, Plaintiff's sister, and a vocational expert ("VE"). (Tr. 28, 43). A supplemental hearing that included Plaintiff's attorney was held by telephone on September 22, 2020. (Tr. 28). The ALJ heard testimony from Plaintiff and a VE. *Id.* The ALJ then rendered her decision on October 14, 2020, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 43).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on April 26, 2022, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing dispositive motions, and this matter is ripe for adjudication.

### III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant has not engaged in substantial gainful activity since July 31, 2018, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: hyperlipidemia, diabetes, panic disorder, adjustment disorder, bilateral wrist pain consistent with carpal tunnel syndrome, seizure disorder, hypertension, obesity, headaches, status post vascular insult to the brain/stroke, autism spectrum disorder/Asperger's syndrome, mild-to-moderate neurocognitive disorder secondary to stroke, obstructive sleep apnea, gastroesophageal reflux disease, and persistent depressive disorder (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1[1] (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except she could sit for six hours and stand and/or walk up to

---

[1] Commonly referred to as, and hereinafter, "The Listings."

four hours total over an eight-hour workday; could occasionally climb ramps and stairs, balance, stoop, and crouch; could never climb ladders, ropes, or scaffolds, kneel, or crawl; could occasionally use left-sided hand controls; could occasionally handle and finger using the left upper extremity; could have no exposure to unprotected heights or moving unprotected mechanical parts; no operating a motor vehicle as a job task; could have no exposure to extreme cold; avoid concentrated exposure to extreme heat; and no work with flashing or strobing lights. She can understand, remember, and carry out simple and routine instructions; can understand and learn terms, instructions, and procedures and use reason and judgment to make work-related decisions typically required for simple and routine work. She can have contact (as opposed to proximity) with coworkers, supervisors, and the general public on an occasional and superficial basis; avoid work requiring perfect speech (in that the work should not be primarily talking to others such as a call center or front desk worker, but can speak and interact within the above occasional and superficial limits); can adapt to changes in a routine work setting on an infrequent and gradual basis; and would be off task less than 5% of the time over an eight-hour workday.

5. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).

6. The claimant was born on November 23, 1978, and was 39 years old, which is defined as a younger individual 18-49, on the date the application was filed (20 C.F.R. § 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined by the Social Security Act, since July 31, 2018, the date the application was filed (20 C.F.R. § 416.920(g)).

(Tr. at 30-42).

IV. **Standard of Review**

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. *Id.*; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is contrary evidence, the Commissioner's findings must be affirmed if substantial evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

V. Analysis

Plaintiff contends the ALJ erred by: (1) "failing to find that [Plaintiff] met sections 12.04 depressive, bipolar, and other related disorders and 12.10 autism spectrum disorder"; and (2) "failing to find that [Plaintiff] was . . . unable to perform work at any exertional level." [Doc. 9 at 3]. The Court will address these arguments in turn.

A. Sections 12.04 and 12.10 of The Listings

In step three of the five step evaluation process, the ALJ "must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment [found in the Listings]." (Tr. 29). The ALJ found that "[Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.02, 12.04, 12.06, and 12.10." (Tr. 34).

Plaintiff claims the ALJ erred by not finding she "met sections 12.04 depressive, bipolar, and other related disorders and 12.10 autism spectrum disorder in [the Listings]." [Doc. 9 at 9]. Specifically, Plaintiff says the ALJ erred by "failing to give great persuasive weight to the opinions of long time actual mental health treater, Sharon J. Maloney, LPC/MHSP, BCPCC," *id.* at 10, which Plaintiff claims would lead to a finding of disability. *See id.* at 9-10.

However, Plaintiff does not give a reasonable legal analysis showing how the ALJ erred by, for example, violating regulations or caselaw. *See id.* Essentially, Plaintiff simply disagrees with the ALJ's finding on the persuasiveness of Ms. Maloney's opinions. This is not legal error and provides no basis for remand. Instead, the ALJ was simply required to weigh Ms. Maloney's opinions for persuasiveness based on five factors, specifically articulating support for the factors of supportability and consistency. *See* 20 C.F.R. § 416.920c(a). This the ALJ did when discussing why she "found the opinions of [Plaintiff's] counselor partially persuasive." (Tr. 35).

As examples, the ALJ addressed supportability[2] when she found Ms. Maloney's opinions to "at times be internally inconsistent" and she addressed consistency[3] when she compared Ms. Maloney's opinions "with the findings of the consultative psychological evaluation and the claimant's reported activities of daily living." *Id.*

Therefore, the ALJ did not err by finding that Plaintiff did not meet the criteria for listings 12.04 and 12.10.

###### B.   Light Work vs. No Work

Plaintiff claims the ALJ erred in finding Plaintiff could perform light work as modified in the RFC, because Plaintiff is "unable to perform substantial gainful activity at any exertional level because of the combined effect of her severe mental and physical disorders." [Doc. 9 at 10]. Specifically, Plaintiff claims the "opinions of Sharon J. Maloney, LPC/MHSP, BCPCC should be given great persuasive weight regarding the effect of [Plaintiff's] mental disorders on her ability to engage in substantial gainful activity." *Id.* at 10-11. Plaintiff then cites extensively from various opinions given by Ms. Maloney regarding Plaintiff's various mental and physical limitations. *Id.* at 11-12.

As noted above, claiming that the ALJ should have weighed the opinion evidence differently does not identify any legal error committed by the ALJ. Plaintiff's argument once again is a disagreement with the ALJ's conclusion. But the ALJ provided the requisite analysis supporting her decision on the persuasiveness of Ms. Maloney's opinions. *See supra* Section V.A.

---

[2] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.902c(c)(1).
[3] "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be. 20 C.F.R. § 416.902c(c)(2).

Thus, the ALJ did not err in determining Plaintiff's RFC.

**Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment Based on the Administrative Record [Doc. 8] is **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 12] is **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE